**Vicki DISTEFANO–PERBECK, Petitioner,**

v.

**DEPARTMENT OF TREASURY, Respondent.**

No. 02–3236.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 6, 2003.

Before MAYER, Chief Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

Vicki Distefano–Perbeck seeks review of the January 24, 2002, decision of the Merit Systems Protection Board, No. CH315H010601–I–1, 2002 WL 107215, upholding her termination by the Department of the Treasury for making false and misleading statements on her employment application. Because the termination complied with the procedural requirements of 5 C.F.R. § 315.805, we *affirm.*

A board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

The termination of federal probationary employees for conditions arising before their appointment must comply with 5 C.F.R. § 315.805. Section 315.805(b) requires that an employee be entitled to file a written answer to the notice of proposed adverse action and that the "agency shall consider the answer in reaching its decision." Distefano–Perbeck argues that substantial evidence does not support the board's conclusion that her written answer to the notice of proposed adverse action was considered prior to her termination. She asserts that her employment application contained allegedly false and misleading statements because she did not understand the questions, and that she would not have been terminated if her written answer had been considered. We do not agree.

William Robertson, the terminating official, testified that his decision to terminate Distefano–Perbeck was not final until he had read her reply, and that he did not find it believable because it suggested that she was educated and should have understood the questions. He further asserted that the reply solidified his decision to terminate her. The board found this testimony credible, and we review such credibility determinations with deference. *See Hambsch v. Dep't of the Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986) (stating that the board's presiding official's credibility determinations are virtually unreviewable). Therefore, substantial evidence supports the board's conclusion that Distefano–Perbeck was afforded the procedural protection of section 315.805(b).